UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ELIZABETH BOWEN,

       Plaintiff,                           Case No. 3:20-cv-292

vs.

DWIGHT DOBBINS, agent for             District Judge Michael J. Newman
HARDING ROAD PHARMACY, INC.
401(k) PROFIT SHARING PLAN, *et al.*,

       Defendants.

---

**ORDER (1) GRANTING PLAINTIFF ELIZABETH BOWEN'S MOTION TO DISMISS (DOC. NO. 11); (2) DISMISSING THE COUNTERCLAIMS AND THIRD-PARTY COMPLAINT HERE AT ISSUE (DOC NOS. 7, 8); AND (3) DENYING AS MOOT DEFENDANT DWIGHT DOBBINS'S MOTION FOR A STAY (DOC. NO. 9)**

---

This civil case is before the Court on motion by Plaintiff Elizabeth Bowen's to dismiss Defendant Dwight Dobbins's counterclaim. Doc. No. 11. Also before the Court is Dobbins's motion for a stay pending the completion of the criminal case currently pending against Bowen in state court. Doc. No. 9. Bowen and Dobbins filed opposition memoranda in response to each other's motions. Doc. Nos. 12, 13. Neither party filed a reply, and the time for doing so has expired. Third-party Defendant Dwight Combs neither moved nor pled in response to Dobbins's complaint. The Court will evaluate the motions in turn.

**I.**

Bowen is a pharmacy technician formerly employed by Harding Road Pharmacy, Inc. (the "Pharmacy"). Doc. No. 1 at PageID 2. Dobbins is the sole shareholder of the Pharmacy and administers the Pharmacy's 401(k) plan (the "Plan"). *Id.*; Doc. No. 7 at PageID 25. Dobbins is

an agent for both the Pharmacy and the Plan, but the two are distinct legal entities. Doc. No. 13 at PageID 66.

The Pharmacy terminated Bowen's employment in September 2019. Doc. No. 1 at PageID 2. She had worked there for approximately thirteen years. *Id.* Bowen alleges that, upon her termination, she requested the Plan pay out her 401(k) in a lump sum. *Id.* Dobbins -- as the Plan's agent -- refused. *Id.* Bowen later learned that Dobbins modified the plan in December 2019 to lengthen the disbursement-waiting period to twelve months for terminated employees. *Id.* at PageID 3. Bowen then filed this suit against the Plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, to recover her 401(k) funds. Doc. No. 1.

On August 31, 2020, Dobbins responded with several state-law counterclaims for fraud, conversion, and other statutory violations against Bowen, as well as a third-party complaint against Combs, Bowen's boyfriend. Doc. Nos. 7, 8. Dobbins alleges Bowen and Combs stole and diverted approximately $87,000 worth of controlled substances and cash from the Pharmacy. Doc. No. 7 at PageID 25–28; Doc. No. 8 at PageID 35. Bowen and Combs now await trial in the Clark County, Ohio Court of Common Pleas on felony charges related to alleged theft from the Pharmacy. Doc. No. 7 at PageID 28; Doc. No. 12 at PageID 59.

Dobbins brings the counterclaims and third-party complaint on behalf of the Pharmacy, a corporation, not as an agent for the Plan, the party named as a defendant in Bowen's ERISA complaint. Doc. No. 7 at PageID 25 ("Defendant Dwight Dobbins, as Agent for the Harding Road Pharmacy, Inc., now brings a Counterclaim against Plaintiff"). Bowen moves to dismiss Dobbins's counterclaims, arguing that they were improperly brought by the Pharmacy, a non-party to the lawsuit. Doc. No. 11 at PageID 50. Dobbins retorts by pointing out that Dobbins, the

Pharmacy, and the Plan are essentially the same legal entity when it comes to Plan administration. Doc. No. 13 at PageID 66.[1]

The Court disagrees with Dobbins. As explained below, Bowen properly sued the Plan under ERISA. The Pharmacy is not properly a party to this litigation and, therefore, is ineligible to bring counterclaims or a third-party complaint under the Federal Rules of Civil Procedure.

## II.

ERISA provides that "[a]n employee benefit plan may sue or be sued . . . as an entity." 29 U.S.C. § 1132(d)(1). "Any money judgment under [ERISA] against an employee benefit plan shall be enforceable only against *the plan* as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity." 29 U.S.C. § 1132(d)(2) (emphasis added). ERISA does not explicitly state that actions brought under the statute may only be maintained against a benefit plan, but courts have held that ERISA claims for benefits are "generally limited" to suits against a benefit plan rather than an employer. *See, e.g.*, *Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan*, 378 F.3d 669, 674 (7th Cir. 2004). To be sure, an employer might be properly named as a defendant if "an employer is shown to control administration of a plan." *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988). In that instance, the court would consider whether the plan should be added as a necessary party under Rule 19. *See Moore v. Menasha Corp.*, 634 F. Supp. 2d 865, 868 (W.D. Mich. 2009). But that issue is not before the Court today because Bowen properly sued the Plan. Doc. No. 1; *see also* 29 U.S.C. § 1132(d)(1) ("Service of summons . . . upon . . . an administrator of an

---

[1] Bowen also argues that Dobbins's counterclaims should be dismissed for lack of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Doc. No. 11 at PageID 51. Dobbins contends the Court can exercise supplemental jurisdiction in part because the Pharmacy's counterclaims implicate its set-off rights against any judgment it may owe Bowen. Doc. No. 13 at PageID 69. Dobbins also moves the Court to stay this matter pending the resolution of Bowen's criminal case. Doc. No. 9. But, as explained below, it is unnecessary to reach the merits of any of these arguments.

employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan").

This means that the Pharmacy is a *non*-party to this case, and the pleadings Dobbins filed on its behalf are not properly before the Court. Dobbins styled the responsive pleadings as a counterclaim and third-party complaint using the language of Federal Rules of Civil Procedure 13 and 14. Doc. Nos. 7, 8. Rule 13 affords a party who has been sued the opportunity to file counter or crossclaims against an opposing party or co-party. Fed. R. Civ. P. 13(a), (b), (e). Rule 14 allows a defending party to bring a non-party into the lawsuit "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The reason for these rules is elementary: parties to a lawsuit should be encouraged to bring all claims over which the court has jurisdiction in a single proceeding to foster efficient dispute resolution. 6 Miller, Kane & Spencer, Federal Practice & Procedure Civil § 1403 (3d ed. 2020) ("Under Rule 13 the court has broad discretion to allow claims to be joined in order to expedite the resolution of all the controversies between the parties in one suit"). Dobbins thus cannot file either a counterclaim or a third-party complaint on the Pharmacy's behalf under Rules 13 and 14. *See* Fed. R. Civ. P. 13(b), 14(a)(1).

### III.

The Court therefore **GRANTS** Bowen's motion to dismiss (doc. no. 11), **DISMISSES** Dobbins's counterclaims and third-party complaint (doc. nos. 7, 8), and **DENIES AS MOOT** Dobbins's motion for a stay (doc. no. 9).

**IT IS SO ORDERED.**

Date:   May 12, 2021                          s/Michael J. Newman
                                              Hon. Michael J. Newman
                                              United States District Judge

4